Davis, J.,
delivered the opinion of the court:
After long, faithful, and distinguished service as judge of the District Court of the United States for the eastern district of New York, the plaintiff, July 20,1897, availed himself of the privilege of the retiring act, and has since received the salary of district judge (sec. 714, Rev. Stat.).
The question now presented is as to the sum of $1,800 a year, in addition to the stated salary for the judge of the eastern district, which, in fact, at the time of his retirement Judge Benedict was receiving for services performed in the District Court for the southern district of New York.
It appears that plaintiff was appointed judge of the District Court of the United States for the eastern district of New York in April, 1865; that he performed the duties of this office until July, 1897, when, having the right thereto under the statute, he'retired.
Section 714 of the Revised Statutes provides that “when any judge of any court of the United States resigns his office, after having held his commission as such at least ten years, and having attained the age of seventy years, he shall, during the residue of his natural life, receive the same salary which was by law payable to him at the time of his resignation.”
Judge Benedict is in a position peculiar to the particular office he held, and he claims that by reason of this exceptional position he is entitied to larger payment from defendants than the simple salary of a district judge.
Congress (act 7 February, 1873) directed that certain additional terms of the Circuit Court (southern district of New York) be held, which should “not dispense with or affect the bolding of any other term of the court at the same time;” these terms to be devoted to “criminal matters.” It was further provided in the act that these terms might “ be held by the circuit judge of the second judicial circuit and the district judges for the southern and eastern districts of New York, or any one of said three judges; and at every such *398 term held by said judge of said eastern district he shall receive the sum of three hundred dollars, the same to be paid in the manner now prescribed by law for the payment of the expenses of another district judge while holding court in said district.” Sections 658 and 613, Revised Statutes, also relate to the matter under consideration. Section 658:
“Theregular terms of the Circuit Court shall beheld in each year at the times and places following: * * * In the southern district of New York, at the city of New York * * * exclusively for the trial and disposal of criminal cases and matters arising and pendin g in said court, on the second Wednesday in January, March, and May; on the third Wednesday in June; on the second Wednesday in October and December.”
Section 613:
“The terms of the Circuit Court for the southern district of New York, appointed exclusively for the trial and disposal of criminal business, may be held by the circuit judge of the second judicial circuit and the district judges for the southern and eastern districts of New York, or any one of said three judges; and at every such term held by the said judge of said eastern district he shall receive the sum of three hundred dollars, the same to be paid in the manner now prescribed by law for the payment of the expenses of another district judge while holding court in said district.”
For twenty-four years Judge Benedict held these terms and received the compensation thus provided by statute, to wit, $1,800 a year; this in addition to his salary as judge of the eastern district.
It is now urged that under section 714, Revised Statutes (which provides that a retiring judge shall receive “ the same salary which was by law payable to him”), the plaintiff may be paid not only the $5,000 per annum as district judge, sitting in the eastern district of New York, but also the $1,800 specified in this section [613] of the Revised Statutes. The question is thus clearly and tersely stated by plaintiff’s counsel: “Was this $1,800 paid to judge Benedict yearly for twenty-four years, and provided for by section 613, a part of his salary which was by law payable to him?”
It is urged that “the same salary which was by law payable to him” means the salary received by the judge for judicial services during the year previous to his resignation; or, if it mean not that, it must mean “the salary he would have received during *399 the year after the date of his resignation if he had not resigned.”
The retired judge is to receive the salary payable to him by law as the law existed at the date of his retirement. But it is salary he is to receive, not emoluments; salary, simply; the salary of the office which he surrenders. The question presented is absolutely exceptional; its decision can affect the district judge of the Brooklyn district alone.
Was this $1,800 a year salary? The important element of salary is certainty of amount in relation to duration of time. Severity of duty, weight of responsibility, or amount of labor have no relation to receipt of salary, although these elements control the minds of those who fix the amount of salary. Because of this certainty of receipt, salary is usually relatively low for the class of service required.
As judge of the eastern district, sitting in that district, Judge Benedict, without condition as to amount of business or length of terms, was entitled to a salary certain. As to his services in the southern district there were contingencies: In the first place, the term of the Circuit Court in the southern district for criminal business “may” be held by the district judge of the eastern district — not “ must” be held; on the contrary, it may as well be held by either the circuit judge of the second judicial court or the district judge for the southern district. The only distinction made by the law is that if the judge of the eastern district hold the court he shall receive extra compensation, to whi/h the others are not entitled; but this is contingent upon t ie fact that he in fact do hold the court. If ill and unable t< hold his court in the eastern district, this plaintiff’s salary would run; if ill and unable to attend in the southern distrh t he would not receive the compensation to that service allotti rl; for the statute provides pay only for the judge of the eastern district who in the southern district holds a term; that is, the extra pay is for extra work in fact performed. This pay does not attach to the office of judge of the eastern district, but that judge becomes entitled to it only when he in fact holds the term.
We do not think that this extra compensation was part of the salary “by law payable” to Judge Benedict when he retired. Therefore the petition will be dismissed.